USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 7/17/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCIS B.V.,

Plaintiff,

-against-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

1:26-cv-4035 (MKV)

ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER, ASSET RESTRAINT AND EXPEDITED DISOVERY AND DENYING MOTION FOR ALTERNATE SERVICE

MARY KAY VYSKOCIL, United States District Judge:

The Court has considered Plaintiff's *ex parte* application [ECF Nos. 7–13 (the "Application")], including Declarations of Shengmao Mu and Jay Harvey Paragoso, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against the defendants (as identified in Schedule A attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") infringing upon Plaintiff's U.S. Copyright Registration No. VA 1-054-563 for the work titled "MIFFY" (the "MIFFY IP").

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts; and

(4) an order authorizing service via email.

Based on the papers and other evidence submitted in support of the Application, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff has shown a likelihood of success on its copyright infringement claim.

2. As a result of Defendants' alleged misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. For example, it appears likely that:

a. Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's MIFFY IP in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms including PayPal and Shop Pay held by Defendants (the "User Account(s)").

b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to MIFFY IP.

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User

Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their allegedly illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, their business, and the goodwill and reputation built up in and associated with MIFFY IP if a temporary restraining order is not issued.

4. If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

5. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

6. However, the Court declines to find that Plaintiff's efforts thus far to discover Defendants' physical addresses constitute diligent efforts for purposes of concluding that Defendants' addresses are unknown and, therefore, the Hague Convention is inapplicable. *See Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 168 (2d Cir. 2025); *Kelly Toys Holdings,*

*LLC. v. Top Dep't Store*, No. 22-cv-558 (PAE), 2022 WL 3701216, at *6–7 (S.D.N.Y. Aug. 26, 2022). Plaintiff's efforts thus far appear to be limited to electronic searches of the physical addresses displayed on Defendants' electronic storefronts [*see* ECF No. 13]. More investigation is required. *See Kelly Toys*, 2022 WL 3701216, at *6–7 (finding diligent efforts where, after taking the initial step of identifying the addresses defendants cited on their websites, Plaintiff "dispatch[ed] an investigator" and consulted with "local counsel" in China before concluding that no physical address could be found for purposes of service under the Hague Convention).

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED in Part and DENIED in PART** and it is **ORDERED** as follows:

### Temporary Restraints

1. As sufficient causes have been shown, Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

   a. Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

   b. Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the MIFFY IP, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

   c. Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial

records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. Cease and refrain from using the MIFFY IP on or in connection with any Seller Alias that any Defendant may own, operate, or control on any Marketplace;

e. Cease and refrain from any and all use of the MIFFY IP and MIFFY name and brand as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and;

f. Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**<u>Temporary Asset Restraint</u>**

2. Pursuant to Federal Rules of Civil Procedure 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, within five (5) days of receipt of service of this Order, any Financial Institutions and other entities identified as relevant to this lawsuit, including (i) Amazon, (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) Ping Pong Global Solutions Inc ("Ping Pong"), (v) Coinbase Global, Inc ("Coinbase"), (vi) Walmart, (vii) Temu, and (viii) Shop Pay (collectively referred to as the "Financial Institutions") and domain registrars shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well

as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions and domain registrars shall provide written confirmation of their compliance with the foregoing to Plaintiff.

**Expedited Discovery**

3. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions and domain registrars, and other third parties that have discoverable contact and financial information related to Defendants, shall provide the following information to Plaintiff's counsel (to the extent such information is in the possession, custody, or control of the Financial Institutions, domain registrars, and other identified relevant entities):

a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

c. Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4. As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a. Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of

New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

**Service by Electronic Mail and/or Electronic Publication**

5. To provide Defendants with notice and an opportunity to object, Plaintiff *may*, within three (3) days of the compliance of the Financial Institutions, domain registrars, and identified relevant entities with Paragraphs 2 through 4 of this Order, deliver: (i) PDF copies of this Order together with the Summons and Complaint; and (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application (the "Link"), to Defendants' e-mail addresses as provided by the Financial Institutions and domain registrars, or if the Financial Institutions and domain registrars are unable to provide e-mail addresses, then by providing the Link to the Financial Institutions and domain registrars with instructions to forward it to Defendants through their internal messaging systems or other available means of electronic communication. However, Plaintiff also *must* make further, reasonably diligent efforts to discover Defendants' physical addresses and serve them in accordance with the Hague Convention. **Plaintiff must file proof of such diligent efforts by August 5, 2026**.

6. The Clerk of Court is directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.

**Security Bond**

7. Plaintiff shall deposit with the Court One Thousand Five Hundred Dollars ($1,500.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

## Sealing Order

8. Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 to the Complaint showing infringement by the Seller Aliases, and Exhibit 1 to the Declaration of Shengmao Mu showing Plaintiff's efforts to verify Defendants' addresses, shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

10. Plaintiff shall file unsealed versions of Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 to the Complaint showing the Seller Aliases' infringement, and Exhibit 1 to the Declaration of Shengmao Mu showing Plaintiff's efforts to verify Defendants' addresses using the CM/ECF system prior to the expiration of this Order when Financial Institutions and domain registrars have confirmed that Defendants' funds are frozen and that Plaintiff properly serves Defendants with the Summon and the Complaint, whichever comes later.

## Hearing on Motion for Preliminary Injunction

11. The Court will hold a hearing on Plaintiff's request for a preliminary injunction on **August 19, 2026 at 2:00 p.m.** The Court is allowing time for Plaintiff to properly serve Defendants, or renew its request for alternate service upon a showing of diligent efforts, and for both parties to file pre-hearing submissions consistent with the Court's Individual Rules of Practice. *See* Rule 4(D) (the Court generally follows its procedures for non-jury trials in resolving a motion for a preliminary injunction). In the interim, Defendants shall file any oppositions to the motion for a preliminary injunction by August 11, 2026. Both parties must provide the direct testimony of any witnesses by affidavit by August 14, 2026. Both parties must submit a list of any affiants they intend to cross-examine live at the hearing by noon on August 17, 2026. All documentary exhibits and other evidence must be filed on the docket in advance of the hearing by noon on August 17, 2026. The parties shall

file any objections by noon on August 18, 2026. Plaintiff is on notice that, to obtain a preliminary injunction, it must satisfy the Court as to its personal jurisdiction over each defendant, and showing that Defendants offer goods for sale on third-party platforms that, in turn, offer shipping to New York will not suffice. *See American Girl, LLC v. Zembrka*, 118 F.4th 271, 277 (2d Cir. 2024).

12. Any request for an extension or adjournment must be filed on the docket on ECF at least 48 hours before the deadline. **The parties are on notice that failure to comply with court orders, the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules may result in sanctions, including: monetary penalties on counsel and the parties themselves; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal and default judgment.**

**SO ORDERED.**

Mary Kay Vyskocil

**Date: July 17, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**